## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES D. MARRS, | ) | CASE NO.  8:12CV364 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| FRED BRITTEN, Warden, and | ) | |
| HOUSTON, DCS Director, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner James Marrs's ("Petitioner" or "Marrs")

Petition for Writ of Habeas Corpus.  (Filing No. 1.)  Liberally construed, Petitioner argues

that he is entitled to a writ of habeas corpus based on the following claims:

Claim One: Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* his sentence of "'a minimum life sentence' to a maximum of life sentence" violates the separation of powers doctrine of the United States Constitution.

Claim Two: Petitioner was denied due process of law and the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Petitioner's trial counsel failed to (1) seek suppression of the DNA testing results "of bodily fluids taken from Petitioner during investigation"; (2) investigate physical evidence such as Petitioner's saliva sample; (3) obtain an "independent evaluation" of Petitioner's "intellectual and psychological functions"; (4) "raise appropriate challenges to the warrantless arrest of" Petitioner; (5) investigate and move to suppress the statements of "jailhouse informants"; (6) investigate whether the "proper chain of custody was maintained" for the saliva samples or whether the proper "testing protocols" were used on the saliva samples; (7) file a motion to dismiss based on a speedy trial violation; (8) adequately advise Petitioner regarding his guilty plea in light of the trial court's order to suppress statements made by Petitioner; (9) provide effective counsel to Petitioner during the plea hearing regarding Petitioner's sentencing possibilities; (10) seek recusal of the trial court judge because the victim was a Saunders County

employee; and (11) assert a constitutional challenge to
the sentence imposed.

(Filing No. 7 at CM/ECF pp. 1-2 (quoting Filing No. 1).)  For the reasons set forth below,
a grant of a writ of habeas corpus is not warranted on any of these issues.

## I.  BACKGROUND

### A.    Conviction

The State of Nebraska ("state") charged Petitioner by information in the District
Court of Saunders County, Nebraska ("state district court") with first degree murder in the
death of Sharron Erickson.  (Filing No. 11-8 at CM/ECF p. 16.)  On August 15, 2005,
Petitioner entered a plea of guilty to an amended charge of second degree murder.  (*Id.*
at CM/ECF p. 28.)  On January 4, 2006,  the state district court sentenced Petitioner to a
term of imprisonment of not less than the rest of his life nor more than the rest of his life.
(*Id.* at CM/ECF p. 29.)

### B.    Direct Appeal

On January 11, 2006, Petitioner filed a notice of appeal from the state district court's
judgment and sentence.  (*Id.* at CM/ECF p. 1.)  On direct appeal, Petitioner argued that the
state district court's sentence was an abuse of discretion and violated Nebraska statutory
law (Filing No. 11-4 at CM/ECF pp. 15-35), and also that the sentence usurped "the power
granted by the Nebraska Constitution to the Board of Parole" (*id.* at CM/ECF pp. 35-40).
On February 7, 2006, the Nebraska Supreme Court ordered the appeal moved to its
docket from the docket of the Nebraska Court of Appeals.  (Filing No. 11-1 at CM/ECF p.
2.)  On November 9, 2006, the Nebraska Supreme Court affirmed Petitioner's conviction
and sentence.  *See State v. Marrs*, 723 N.W.2d 499 (Neb. 2006).

### C.    Post-Conviction Motion and Appeal

Petitioner filed a motion for post-conviction relief in the state district court on September 26, 2007. (Filing No. 11-9 at CM/ECF p. 12.) Petitioner raised all eleven of the ineffective-assistance-of-counsel arguments in his post-conviction motion that he now raises in his Petition. On April 22, 2010, the state district court entered an order granting an evidentiary hearing on only one of the issues raised in Petitioner's post-conviction motion (specifically, the issue of whether trial counsel failed to investigate statements made by jailhouse informants). (*Id.* at CM/ECF p. 55.) Petitioner did not appeal the court's April 22, 2010, order. *See State v. Poindexter*, 766 N.W.2d 391, 403 (Neb. 2009), (reiterating that in Nebraska an order granting an evidentiary hearing on some issues presented in a post-conviction motion but denying a hearing on others is a final and appealable order).

The state district court held an evidentiary hearing on the jailhouse-informant issue, and thereafter denied post-conviction relief on the issue on September 27, 2011. (Filing No. 11-9 at CM/ECF pp. 109-110.) Petitioner appealed the state district court's September 27, 2011, order. In Petitioner's appellate brief, Petitioner raised only those claims disposed of by the state district court in its order dated April 22, 2010. (Filing No. 11-6 at CM/ECF pp. 1-22.) The state moved for summary dismissal of the appeal based on the appellate court's lack of jurisdiction over the issues raised. (Filing No. 11-7 at CM/ECF p. 4.) The Nebraska Supreme Court sustained the state's motion for summary dismissal on July 11, 2012. (Filing No. 11-2 at CM/ECF p. 2.) Petitioner moved for a rehearing, but his request was denied on August 30, 2012. (*Id.*)

**D.    Habeas Corpus Petition**

3

Marrs filed his Petition in this court on October 11, 2012. (Filing No. 1.) In response to the Petition, Respondent filed an answer, a brief in support of the answer, and the relevant state court records. (Filing Nos. 11, 12, 13, 14, 15, and 16.) Thereafter, Petitioner filed a brief in support of his Petition. (Filing No. 21.) The court deems this matter fully submitted.

## II.  STANDARD OF REVIEW

### A.    Standard Under 28 U.S.C. § 2254(d)

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. 529 U.S. at 405-406. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." Harrington v. Richter, 131 S. Ct. 770, 786 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." Id. In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. See Brown v. Luebbers, 371 F.3d 458, 460 (8th Cir. 2004), ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

Worthington v. Roper, 631 F.3d 487, 496-97 (8th Cir. 2011), (internal quotation marks and citations omitted). The court also determined that a federal court reviewing a habeas claim

under AEDPA must "look through" the state court opinions and "apply AEDPA review to

the 'last reasoned decision' of the state courts." *Id.* at 497.  A district court should do "so

regardless of whether the affirmance was reasoned as to some issues or was a summary

denial of all claims." *Id.*  The Supreme Court agrees, stating:

> There is no text in the statute requiring a statement of reasons.  The statute refers only to a "decision," which resulted from an "adjudication."  As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington*, 131 S. Ct. at 784.

**B.    Exhaustion Requirement**

As set forth in 28 U.S.C. § 2254(b)(1):

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> >    (A)    the applicant has exhausted the remedies available in the courts of the State; or
> >
> >    (B)    (I)    there is an absence of available State corrective process; or
> >            (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion

requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by

invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on

direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002).  In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and issues a "'plain statement' that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted).  However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008), (quotation omitted).  "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted).

## III.  DISCUSSION

### A.   Claim One

In Claim One, Petitioner argues that the state district court violated "the Separation of Powers Doctrine" when it sentenced him to a minimum sentence of life imprisonment. (Filing No. 1 at CM/ECF p. 5.)  On initial review, the court liberally construed the claim to also allege a Fourteenth Amendment due process violation.  (*See* Filing No. 7 at CM/ECF p. 1.)

Petitioner's first opportunity to present Claim One was on direct appeal.  However, on direct appeal, Petitioner did not argue that the sentence imposed by the state district

8

court violated "the Separation of Powers Doctrine" or his due process rights. Rather, he argued that the state district court's sentence was an abuse of discretion, it violated Nebraska statutory law, and it usurped "the power granted by the Nebraska Constitution to the Board of Parole." (Filing No. 11-4 at CM/ECF pp. 15-40). Thus, Claim One was never presented in the Nebraska state courts and, therefore, was not raised in "one complete round" in the Nebraska state courts as required by 28 U.S.C. § 2254(b)(1). Moreover, because the argument was available to Petitioner on direct appeal, he cannot now raise such an argument in a successive post-conviction action." *See* *Hall*, 646 N.W.2d at 579. Accordingly, Claim One is procedurally defaulted.

**B.    Claim Two**

Petitioner raises 11 ineffective assistance of counsel arguments in Claim Two. His first opportunity to raise these arguments was in his post-conviction motion because the same attorney represented him at trial and on direct appeal. *See* *State v. Dunster*, 769 N.W.2d 401, 410-411 (Neb. 2009), (reiterating that in Nebraska claims of ineffective assistance of counsel raised on direct appeal by the same counsel who represented defendant at trial are premature and will not be addressed on direct appeal). Respondent argues, and the court agrees, that all 1l parts of Claim Two are procedurally defaulted.

**1.    Claim Two, Parts 1-4 and 6-11**

Petitioner raised parts 1 through 4 and 6 through 11 of Claim Two in his post-conviction motion. The court denied an evidentiary hearing on these issues on April 22, 2010, and Petitioner did not appeal the court's order. (*See* state district court's order starting at Filing No. 11-9 at CM/ECF p. 55.) In Nebraska, an order granting an evidentiary

9

hearing on some issues presented in a post-conviction motion but denying a hearing on others is a final and appealable order. *Poindexter*, 766 N.W.2d at 403. In other words, "an order denying an evidentiary hearing on a postconviction claim is a final judgment as to such a claim." *Id.* In order to vest an appellate court with jurisdiction, a notice of appeal must be filed within 30 days of the entry of the final order. *State v. Trevino*, 556 N.W.2d 638, 640 (Neb. 1996).

Petitioner did not timely appeal the state district court's denial of an evidentiary hearing on parts 1 through 4 and 6 through 11 of Claim Two. (*See* state's motion for summary dismissal at Filing No. 11-7 and Nebraska Supreme Court's order sustaining state's motion for summary dismissal at Filing No. 11-2 at CM/ECF p. 2.) Therefore, Petitioner did not raise these issues in "one complete round" in the Nebraska state courts as required by 28 U.S.C. § 2254(b)(1). Moreover, he cannot now raise these arguments in a successive motion for post-conviction relief. *See Ortiz*, 670 N.W.2d at 792. As such, parts 1 through 4 and 6 through 11 of Claim Two are procedurally defaulted.

### 2. Claim Two, Part 5

As to part 5 of Claim Two (i.e., whether trial counsel failed to investigate statements made by jailhouse informants), it is also procedurally defaulted. The state district court conducted an evidentiary hearing on this issue on July 18, 2011, and denied post-conviction relief on September 27, 2011. (Filing No. 11-9 at CM/ECF p. 108.) Petitioner appealed the state district court's order dated September 27, 2011, but he did not raise the issue of whether trial counsel failed to investigate statements made by jailhouse informants. (*See* appellate brief at Filing No. 11-6 at CM/ECF pp. 1-22.) Therefore, the

issue was never presented to the Nebraska Supreme Court and, accordingly, not raised in "one complete round" in the Nebraska state courts. Like the other 10 parts of Claim Two, Petitioner cannot raise part 5 in a successive motion for post-conviction relief. Therefore, it is procedurally defaulted.

## C.    Fundamental Miscarriage of Justice Exception

A claim that has been procedurally defaulted in the state courts will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The "fundamental miscarriage of justice" exception is available only upon a "showing, based on *new evidence*, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), *cert. denied*, 516 U.S. 1161 (1996), quoting Schlup v. Delo, 513 U.S. 298, 327 (1995), (emphasis added). In other words, the petitioner cannot simply point to errors that allegedly occurred during the course of his criminal prosecution. He must, instead, offer some new evidence that affirmatively demonstrates that he must truly be innocent of the crime for which he was convicted.

Here, Petitioner has not argued, much less demonstrated, cause and prejudice for the default. Rather, Petitioner argues that the court's failure to consider Claims One and Two will result in a fundamental miscarriage of justice. (Filing No. 21.) Specifically, Petitioner argues that his attorneys failed to protect his constitutional rights. (*Id.*) However,

11

Petitioner has offered no new evidence to affirmatively demonstrate that he did not commit the crime for which he was convicted.  To qualify for the actual innocence exception, Petitioner would have to present some compelling new evidence that would conclusively establish that the original verdict simply could not be correct. *See* *Cox v. Burger,* 398 F.3d 1025, 1031 (8th Cir.2005), (successful demonstrations of actual innocence are "rare and limited" because the actual innocence exception is permitted only for truly persuasive demonstrations of actual innocence, based on reliable new evidence which shows it is more likely than not that no reasonable juror would have convicted the petitioner in light of the new evidence), *cert. denied,* 546 U.S. 844 (2005), (citations omitted). Petitioner has not presented any clear and convincing proof that he did not murder Sharron Erickson. Therefore, Petitioner's procedurally defaulted claims cannot be entertained under the actual innocence exception.

## IV.  CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. Daniel,* 529 U.S. 473, 484 (2000).

In this case, Petitioner has failed to make a substantial showing of the denial of a constitutional right.  The court is not persuaded that the issues raised in the Petition are

debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1.     This matter is dismissed with prejudice, and a separate judgment will be entered in accordance with this Memorandum and Order; and

2.     The court will not issue a certificate of appealability in this matter.

DATED this 30th day of September, 2013.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.